UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE J. WEISNER, BE9270,<br><br>    Plaintiff,<br><br>    v.<br><br>L. SALINAS, et al.,<br><br>    Defendant(s). | Case No. 22-cv-05382-CRB (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF Nos. 46, 49, 50, 58 & 60) |

**I.**

Plaintiff, a state prisoner currently incarcerated at Kern Valley State Prison (KVSP), filed a pro se First Amended Complaint (FAC) under 42 U.S.C. § 1983 alleging that, while he was incarcerated at the Correctional Training Facility (CTF), correctional case records analyst L. Salinas unlawfully retaliated against him for challenging via inmate appeals her calculation of his sentence by having two Investigative Services Unit (ISU) officers threaten plaintiff and by filing a false Rules Violation Report (RVR) against plaintiff for harassing Salinas. Plaintiff also alleges that the CTF officials who helped process Salinas' RVR – H. Andrade, P. McDonald, S. Handley, S. Balli, and K. Binning – knowingly participated in Salinas' retaliatory decision to punish him by pursuing and securing a guilty finding on the false RVR. Plaintiff claims retaliation in violation of the First Amendment as well as cruel and unusual punishment in violation of the Eighth Amendment and denial of due process in violation of the Fourteenth Amendment.

On May 25, 2023, the court screened the FAC pursuant to 28 U.S.C. § 1915A(a) and found that plaintiff's allegations, liberally construed, state arguably cognizable damages claims for retaliation under § 1983 against Salinas, Andrade, McDonald, Balli, Handley and Binning and ordered them served. But the court found that the allegations do not state additional cognizable damages claims under § 1983 for cruel and unusual punishment or denial of due process and made clear that this action "will be limited to plaintiff's damages claims under § 1983 for retaliation against Salinas, Andrade, McDonald, Balli, Handley and Binning." ECF No. 28 at 3.

On August 28, 2023, defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff's retaliation claims are barred by the favorable termination rule under Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997), and that plaintiff has not alleged sufficient facts to state a retaliation claim. Plaintiff has filed an opposition and defendants have filed a reply.

Plaintiff also has filed several miscellaneous motions, some to which defendants have responded, which the court will address after the motion to dismiss.

## II.

Plaintiff is a state prisoner serving a determinate enhanced sentence of nine years and eight months for second-degree robbery and grand theft imposed by the San Joaquin County Superior Court on November 17, 2017. ECF No. 49-2 (Req. Judicial Notice Ex. C) at 80. But on March 11, 2022, he was sentenced in Sacramento County Superior Court to a consecutive sentence of two years for possession of a weapon in a penal institution doubled to four years due to the prior strike robbery conviction from San Joaquin County Superior Court. ECF No. 17 (FAC Ex. 5) at 42.

Plaintiff alleges that upon his return to CTF from Sacramento County Superior Court, Salinas calculated his total sentence incorrectly as a "second striker" rather than as a prior strike enhancement. ECF No. 17 (FAC) at 29. Plaintiff alleges that he asked Salinas to correct her calculation of his total sentence, but she refused insisting that he was sentenced as a second striker.

On April 8, 2022, plaintiff filed an inmate appeal regarding Salinas' "actions," which was denied at all levels of review, and on May 3, 2022, he filed another inmate appeal attempting to clarify the "second strike issue," which also was denied at all levels of review. Id. at 14, 15.

On May 3, 2022, plaintiff alleges that Salinas "manipulated" two ISU officers into "threatening and intimidating me to stop filing appeals and/or litigate other legal actions (e.g., lawsuit)." Id. at 15. This occurred while plaintiff was "in the law library" and the officers "called plaintiff over to harass and intimidate plaintiff into not writing any more GA-22 forms to Salinas or file any appeals on the issue, or plaintiff would receive an RVR." Id. at 31.

On May 4, 2022, plaintiff alleges he attended a group Salinas was running and asked her "'where is the bathroom?'" Id. at 15. Salinas responded, "'who the fuck do you think you are . . .

asking me where the bathroom is after you threatened to sue me and file appeals on me[?]'" Id. Since "'you want to push paperwork[,] you'll be getting an RVR soon.'" Id.

On May 18, 2022, plaintiff received an RVR for harassment of another person that Salinas "fabricated . . . in order to retaliate against" plaintiff. Id. at 16. The RVR was reviewed and "approved" by McDonald and Handley. Id. It was "document[ed]" by Andrade. Id. at 24.

On July 16, 2022, Balli held a disciplinary hearing on the RVR and found plaintiff "guilty of harassment of another person." Id. at 16. The guilty finding was "affirmed" by Binning on July 21, 2022. Id.

Plaintiff alleges that the defendants who helped process Salinas' RVR – Andrade, McDonald, Handley, Balli, and K. Binning – knowingly participated in Salinas' retaliatory decision to punish plaintiff by pursuing and securing a guilty finding on the false RVR. He also alleges that because of their actions he sustained injuries including "loss of conduct credit." Id. at 17. The RVR in plaintiff's record indeed shows that he was assessed "30 Days" of good conduct credit. ECF No. 49-2 at 11.

### III.

Dismissal is proper where the operative complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). While a complaint does not need detailed factual allegations, it must proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When ruling on a motion to dismiss, a court must accept as true all material allegations in the complaint, but it need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Review is limited to the contents of the

complaint, but a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

### IV.

Defendants move for dismissal under Rule 12(b)(6) on the grounds that: (1) plaintiff's retaliation claims are barred by the favorable termination rule under Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997), and (2) plaintiff has not alleged sufficient facts to state a retaliation claim for violation of the First Amendment.

### A.

Under Heck, a prisoner may not bring a claim under § 1983 that necessarily implies the invalidity of a conviction or sentence until he has succeeded in invalidating the conviction or sentence by other means, such as through the grant of a writ of habeas corpus. See 512 U.S. at 486-87. Heck also applies to § 1983 claims arising from prison disciplinary proceedings that resulted in a sanction that affects a prisoner's term of confinement, such as the loss of good time credits. See Edwards, 520 U.S. at 648. A prisoner's challenge to a prison disciplinary proceeding is barred by Heck if judgment in his favor would necessarily imply the invalidity of the resulting loss of good time credits. Id. at 646. Put simply, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner' suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Defendants argue that plaintiff's retaliation claims are barred under Heck and Edwards. The court agrees that the rationale of Heck and Edwards bars plaintiff's claim that defendants retaliated against him by knowingly filing, processing and adjudicating a false RVR for which he was found guilty and assessed 30 days of good time credits, but it does not bar plaintiff's claim that Salinas retaliated against him by having two ISU officers threaten and intimidate him to stop filing appeals and/or litigate other legal actions or he would receive an RVR.

4

Plaintiff alleges that Salinas retaliated against him for filing inmate appeals by filing a fabricated RVR against him for harassing her and that the defendants who helped process the RVR – Andrade, McDonald, Handley, Balli, and Binning – knowingly participated in Salinas' retaliatory decision to punish him by pursuing and securing a guilty finding on the false RVR. Plaintiff also alleges, and the RVR in plaintiff's record confirms, that he was found guilty at his disciplinary hearing and assessed 30 days of good time credit. Plaintiff's allegations of a fabricated RVR are fundamentally inconsistent with the hearing officer's findings that the RVR was supported by the evidence. See ECF No. 49-2 at 10 ("Guilty as Charged based on preponderance of evidence."). If plaintiff prevailed on his claim that the RVR was fabricated and issued for a retaliatory or improper purpose, it would necessarily imply that the hearing officer's findings and resulting punishment of loss of 30 days of good time credit are invalid. Accord Burgess v. Raya, 690 F. App'x 483, 484 (9th Cir. 2017) (retaliation claim against correctional officers barred by Heck because success would imply invalidity of disciplinary proceedings); Cole v. Spears, No. 22-cv-5925-MEMF-JPR, 2023 WL 5506003, at **3-4 (C.D. Cal. July 12, 2023) (unless plaintiff can show disciplinary decision has been invalidated, claim that RVR was issued for retaliatory or improper purpose barred by Heck because plaintiff prevailing would imply hearing officers' findings and imposed punishment are invalid); Blair v. Herrera-Salazar, No. 19-cv-1261-DMS-KSC, 2021 WL 8013610, at *5 (S. D. Cal. Sept. 27, 2021) (retaliation claim barred by Heck because plaintiff prevailing would invalidate RVR, disciplinary hearing and loss of good time credits), accepted by 2022 WL 1047515 (S.D. Cal. Apr. 7, 2022); see also Luster v. Amezcua, No. 16-cv-0554-LJO-GSA, 2019 WL 1442992, at *8 (E. D. Cal. Apr. 1, 2019) (retaliation claim barred by Heck because plaintiff's theory depended on finding that charges against her were false, which would necessarily imply invalidity of punishment imposed). After all, a prisoner's allegations of deceit and bias on the part of the decisionmaker at a prison disciplinary hearing – as plaintiff alleges in connection with Balli here – necessarily imply the invalidity of the punishment imposed and is barred by Heck. See Edwards, 520 U.S. at 646-47.

Plaintiff suggests that Heck and Edwards should not bar his claims because he is not challenging the loss of his good time credits or the duration of his confinement in this action. But

5

the Ninth Circuit recently made clear that "[s]o long as the claim '*indirectly* [seeks] a judicial determination that necessarily implies the unlawfulness of the [duration of the] State's custody,' Heck and Edwards require his § 1983 cause of action to be dismissed." Hebrard v. Nofziger, 90 F.4th 1000, 1010 (9th Cir. 2024) (quoting Wilkinson, 544 U.S. at 81) (emphasis in original).  And that is exactly what plaintiff's claim that defendants retaliated against him by knowingly filing, processing, and adjudicating a false RVR that resulted in his loss of 30 days of good time credits does – it indirectly seeks a judicial determination that necessarily implies the unlawfulness of the imposition of any sanctions based on the allegedly falsified RVR, including the assessment of plaintiff's earned time credits.  See id. at 1011.  Plaintiff's claim that defendants retaliated against him by knowingly filing, processing, and adjudicating a false RVR that resulted in his loss of 30 days of good time credits must be dismissed as barred under Heck.  See id.  at 1012.

But the rationale of Heck and Edwards does not apply to plaintiff's claim that Salinas retaliated against him by having two ISU officers threaten and intimidate him to stop filing appeals and/or litigate other legal actions or he would receive an RVR.  Plaintiff may proceed with this claim because his prevailing on it would not necessarily imply the invalidity of the duration of his confinement.  See Wilkinson, 544 U.S. at 82.

**B.**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff' remaining, not-Heck-barred claim is that Salinas retaliated against him for challenging via inmate appeals her calculation of his total sentence by having two ISU officers threaten him.  Plaintiff specifically alleges that on May 3, 2022, the same day on which he filed a second inmate appeal regarding Salinas' calculation of his total sentence, Salinas "manipulated" two ISU officers into "threatening and intimidating me to stop filing appeals and/or litigate other legal actions (e.g., lawsuit)." ECF No. 17 at 15.  While plaintiff was "in the law library," the

officers "called plaintiff over to harass and intimidate plaintiff into not writing any more GA-22 forms to Salinas or file any appeals on the issue, or plaintiff would receive an RVR." Id. at 31.

      Plaintiff's allegations are sufficient to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). And although he does not set forth detailed factual allegations, he sets forth "enough facts to state a claim for relief [for retaliation] that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff satisfies the first element of his retaliation claim because "the mere threat of harm can be an adverse action" in the retaliation context, Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009) (emphasis removed), and he alleges that he was threatened with an RVR if he did not stop filing inmate appeals. He satisfies the second element of his retaliation claim, causation, because he alleges that Salinas had the ISU officers threaten him because of his filing inmate appeals regarding her calculation of his sentence. In fact, she did so on the same day on which he filed his second inmate appeal regarding her calculation of his sentence. He satisfies the third element, protected conduct, because the filing of inmate appeals is considered protected conduct. See Shepard v. Quillen, 840 F.3d 686, 689 (9th Cir. 2016) (filing prison staff complaint amounts to protected conduct satisfying third prong of retaliation claim); see also Rhodes, 408 F.3d at 567 (prisoners may not be retaliated against for using prison grievance procedures). He satisfies the fourth element of his retaliation claim, chilling of his exercise of First Amendment rights, because the threat of an RVR (which can result in punishment including the loss of earned time credits) is more than minimal harm. See Shepard, 840 F.3d at 691 (for prisoner to show "chilling effect, the harm need only be more than minimal"). And he satisfies the fifth and final element of his retaliation claim, that the adverse action did not reasonably advance a legitimate correctional goal, because the alleged threats of harm for filing inmate appeals do not reasonably advance a legitimate correctional goal. But whether plaintiff can set forth sufficient evidence to create a genuine issue for trial on his retaliation claim is matter for a later time.

## V.

Plaintiff has filed several miscellaneous motions, including two motions for contempt, a motion seeking a dispositive motion deadline and a motion seeking a settlement conference.

      The motions for contempt (ECF Nos. 46 & 50) are DENIED for lack of merit. Defendants

did not violate any of the court's orders or deadlines, and plaintiff is not entitled to entry of default judgment.

The motion seeking a dispositive motion deadline (ECF No. 58) is DISMISSED as moot because the court is setting a summary judgment or other dispositive motion deadline at the conclusion of this order.

The motion seeking a settlement conference (ECF No. 60) is DENIED without prejudice. The court will refer this matter for settlement proceedings on its own motion if it later determines that settlement proceedings are in order.

## VI.

For the foregoing reasons, defendants' motion to dismiss (ECF No. 49) is GRANTED IN PART AND DENIED IN PART.  Plaintiff's claim that defendants retaliated against him for filing inmate appeals by knowingly filing, processing, and adjudicating a false RVR for which he was found guilty and assessed 30 days of good time credits is barred by Heck and DISMISSED.  But plaintiff's claim that Salinas retaliated against him for filing inmate appeals by having two ISU officers threaten and intimidate him to stop filing appeals and/or litigate other legal actions or he would receive an RVR is not barred by Heck and may proceed as a sufficient claim upon which relief may be granted.

To expedite these proceedings, defendants shall file a motion for summary judgment or other dispositive motion on plaintiff's remaining claim by no later than June 3, 2024.  Plaintiff shall file an opposition or statement of non-opposition to the motion no more than 28 days after the motion is filed and served, and defendants shall file a reply to any opposition no more than 14 days after the opposition is filed and appears on ECF.

The clerk is instructed to terminate the motions appearing on ECF as items number 46, 49, 50, 58 and 60.

**IT IS SO ORDERED**.

Dated: February 20, 2024



CHARLES R. BREYER
United States District Judge